UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANNE GRAND'MAISON, M.D.,

        Plaintiff,

v.

ROSWELL PARK COMPREHENSIVE CANCER CENTER; CANDACE JOHNSON, Ph.D., in her individual and professional capacities; RENIER BRENTJENS, M.D., Ph.D., in his individual and professional capacities; CARL MORRISON, M.D., DVM, in his individual and professional capacities; JOHN KANE III, M.D., in his individual and professional capacities; and ERROL DOUGLAS, Ph.D., in his individual and professional capacities,

        Defendants.

Civil Index No. 1:23-cv-00099

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEAL

Respectfully submitted,

PHILLIPS LYTLE LLP
Attorneys for Defendants
*Roswell Park Comprehensive Cancer Center, Candace Johnson, Renier Brentjens, Carl Morrison, John Kane III, and Errol Douglas*
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400

Amanda L. Lowe
Emma P. Murphy
– Of Counsel –

Defendants Roswell Park Comprehensive Cancer Center ("Roswell"), Candace Johnson, Renier Brentjens, Carl Morrison, John Kane and Errol Douglas respectfully submit this memorandum of law in support of their motion to seal the Proposed ESI Order and Protocol, which is appended as Exhibit A to the Declaration of Amanda L. Lowe dated June 14, 2024 ("Lowe Decl.").

## BACKGROUND

Plaintiff Anne Grand'Maison commenced this litigation for, among other things, alleged unlawful retaliation related to complaints of alleged improper treatment of patients during her tenure at Roswell. *See* Dkt. No. 1. As part of the discovery process, Defendants sent Plaintiff a proposed ESI protocol in November 2023. Lowe Decl. ¶ 3. At a Court conference held on June 3, 2024, the Court directed Plaintiff to respond to the Defendants' November 2023 ESI protocol proposal. *Id.* ¶ 4. The parties advised the Court at that conference that they would submit the ESI protocol to the Court on June 14, 2024. *Id.* ¶ 6.

Following the June 3rd Court conference, the Parties each proposed ESI search terms and conducted a meet and confer. *Id.* ¶ 5. Although Defendants provided Plaintiff with a final ESI proposal based on proposed compromises, Plaintiff has not signed the ESI protocol. *Id.* ¶¶ 5, 7. Defendants now respectfully seek judicial intervention to resolve a remaining dispute between the Parties regarding the ESI protocol. *Id.* ¶ 6.

In filing Defendants' letter dated June 14, 2024 seeking the Court's intervention, Defendants wish to file the Proposed ESI Order and Protocol under seal because it contains protected health information ("PHI") in the form of patient names and Medical Record Numbers, which are protected from public disclosure by the Health

Information Portability and Accountability Act of 1996, Pub. L. No. 104-191 ("HIPAA"). *Id.* ¶ 8.

## ARGUMENT

While there exists a common law presumption that court documents and proceedings remain open to the public, the presumption is not absolute and "the Second Circuit has held that the decision whether to seal court records requires weighing the importance of the presumption of public access, depending upon the type of judicial function at issue, against the interests sought to be protected by sealing." *Refco Grp. Ltd. v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA) (HBP), 2015 WL 4298572, at *2 (S.D.N.Y. July 15, 2015) (citing *United States v. Amodeo*, 71 F.3d 1044, 1047-1051 (2d Cir. 1995)). "Only when competing interests outweigh the presumption may access be denied." *Id.* at *3 (citation omitted). Documents may be sealed with "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Here such higher values exist: to protect the PHI of non-parties who are referenced in the Proposed ESI Order and Protocol and enforce the limits imposed by HIPAA on the disclosure of PHI.

"Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information." *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 445 (E.D.N.Y. 2016), *vacated in part on other grounds*, 676 Fed. App'x. 51 (2d Cir. 2017). *Offor* is analogous to the present matter in that the plaintiff-physician sued her hospital employer for employment discrimination and included

allegations of "significant quality of care issues." *Id.* at 424. The *Offor* court sealed documents containing PHI related to the case, holding that HIPAA overcame the common-law right of access to judicial documents and should be sealed. *Id.*; *see also McCracken v. Verisma Sys., Inc.*, No. 6:14 Civ. 06248 (MAT), 2017 WL 4250054, at *4 (W.D.N.Y. Sept. 26, 2017) (sealing exhibits containing non-party patient names because they constitute PHI under HIPAA). Here, the Proposed ESI Order and Protocol contains PHI and is likewise entitled to protection under HIPAA.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to Seal pursuant to the proposed order attached to the Lowe Decl. as Exhibit B.

Dated: Buffalo, New York
June 14, 2024

PHILLIPS LYTLE LLP

By: s/ Amanda L. Lowe
　　Amanda L. Lowe
　　Emma P. Murphy
Attorneys for Defendants
*Roswell Park Comprehensive Cancer Center, Candace Johnson, Renier Brentjens, Carl Morrison, John Kane III, and Errol Douglas*
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
Facsimile No. (716) 852-6100
alowe@phillipslytle.com
emurphy@phillipslytle.com