

**Phillips Lytle LLP**

**Via ECF**                                                                 June 4, 2025

Hon. Michael J. Roemer
United States District Court
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:     *Grand'Maison, M.D. v. Roswell Park Comprehensive Cancer Center, et al.*
        Case No. 1:23-cv-00099 (JLS) (MJR)

Dear Judge Roemer:

We represent Defendants and write in response to Plaintiff's letter dated May 22, 2025
(Dkt. No. 77).  As an initial matter, the deadline for motions to compel—which has been
extended five times—was May 12, 2025 under the operative Fifth Amended Case
Management Order (Dkt. No. 76).  Regardless, the Court should reject Plaintiff's last-
minute effort to force Defendants to search six new custodians for what are likely to be
duplicative documents just days before fact discovery ends on June 12, 2025.

For context, the parties attempted over the course of approximately one year to reach an
agreement regarding the custodians and search terms Defendants would use to review
ESI.  In June 2024, Defendants sought judicial intervention because Plaintiff demanded
that Defendants search seven custodians for eight versions of her name without any
terms and connectors for a 120-day period for each custodian.  *See* Dkt. No. 61.

The Court ultimately ruled that such searches were "overbroad, not proportional, and
would pose an undue burden" on Defendants.  *See* Dkt. No. 65.  On June 21, 2024, the
Court entered under seal the Protocol for the Disclosure, Search and Production of
Electronic Systems and Electronically Stored Information (Dkt. No. 66) ("ESI Protocol").
The ESI Protocol included approximately 35 pages of search terms for Defendants to
run on 18 custodians.

ATTORNEYS AT LAW

EMMA P. MURPHY, ASSOCIATE   DIRECT **716 847 7091**   EMURPHY@PHILLIPSLYTLE.COM

ONE CANALSIDE  125 MAIN STREET  BUFFALO, NEW YORK 14203-2887  PHONE **716 847 8400**  FAX **716 852 6100**

NEW YORK: ALBANY, BUFFALO, CHAUTAUQUA, GARDEN CITY, NEW YORK, ROCHESTER | **CHICAGO, IL** | **WASHINGTON, DC** | CANADA: WATERLOO REGION | PHILLIPSLYTLE.COM



Hon. Michael J. Roemer                                                June 4, 2025
Page 2

In accordance with the ESI Protocol, Defendants uploaded several terabytes of data to a document review platform and spent countless hours over multiple months identifying responsive documents.  Defendants made multiple ESI productions totaling thousands of pages between July 2024 and November 2024.  Plaintiff did not raise any concerns about the sufficiency of the ESI productions during that time, nor did Plaintiff indicate that she thought additional custodians were needed.

Then suddenly on April 14, 2025 (less than two months before the end of fact discovery), Plaintiff served Supplemental Requests for Production of Documents (the "Supplemental Demands").  Although the text order accompanying the entry of the ESI Protocol permits Plaintiff to request "limited, targeted additional *search terms* upon a showing of good cause," (Dkt. No. 65) (emphasis added), Plaintiff does not actually propose any additional search terms.  Instead, Plaintiff now demands that Defendants search six new custodians for additional documents regarding Plaintiff's resignation.[1]

Per FRCP Rule 26(b)(C)(i), a court must limit the extent of discovery if it determines the discovery sought is "unreasonably cumulative or duplicative."

"The party seeking searches of additional custodians must demonstrate that the additional requested custodians would provide <u>unique</u> relevant information by providing evidence that there are unique responsive documents being missed in the current search scheme that would justify the inclusion of additional custodians." *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, No. 17CIV7417, 2020 WL 7383940, at *6 (S.D.N.Y. Dec. 16, 2020), *objections overruled*, 2021 WL 961750 (S.D.N.Y. Mar. 15, 2021) (cleaned up) (refusing to add additional custodians who played a less active role in the dispute than existing custodians or who were otherwise captured on emails that were already produced); *see also Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15CIV0293, 2017 WL 2305398, at *3 (S.D.N.Y. May 18, 2017) (denying motion to compel search of additional custodians when chances of identifying "unique materials" were "slim"); *Assured Guar. Mun. Corp. v. UBS Real Est. Sec. Inc.*, No. 12 CIV. 1579, 2013 WL

---

[1] In the Supplemental Demands, Plaintiff also seeks documents from Dr. Ermelinda Bonaccio.  As Defendants explained to Plaintiff at a meet-and-confer, Dr. Bonaccio is a custodian under the ESI Protocol and Defendants have already produced responsive documents in her possession.



Hon. Michael J. Roemer                                                      June 4, 2025
Page 3

1195545, at *3 (S.D.N.Y. Mar. 25, 2013) (denying motion to compel search of additional custodians when plaintiff failed to demonstrate that such custodians would likely have "non-cumulative relevant documents").

In other words, additional custodians are not proportional to the needs of a case when "significant discovery … has already taken place" and there is a "likelihood that additional custodians would serve to yield duplicative results."  *GMO Gamecenter USA, Inc. v. Whinstone US, Corp.*, No. 22-CV-5974, 2025 WL 722853, at *2 (S.D.N.Y. Mar. 5, 2025).

The additional custodians Plaintiff now seeks to add are:

1. Denise McIntyre (former Senior Medical Credentialing Specialist);[2]

2. Amy Rokitka (Practice Plan Coordinator);

3. Jon Neumeister (Executive Director, Clinical Revenue Cycle & Clinical Practice Plan);

4. Joseph Toni (Senior Department Administrator);[3]

5. Peg Crane (former Administrative Assistant); and

6. Jeff Walker (former Executive Vice President).

Plaintiff suggests that these six custodians are "previously undisclosed individuals."  To be clear, these proposed new custodians were referenced by name in, for example, Plaintiff's own complaint and documents in Defendants' initial production in August 2023.  In short, then, Plaintiff was aware—or at least should have been aware—of all six

---

[2] As explained at the parties' meet-and-confer, Defendants already produced responsive emails in Ms. McIntyre's possession following a manual review of Ms. McIntyre's email account.

[3] To the extent Plaintiff raises questions about why Mr. Toni took certain action on a certain date, Plaintiff is scheduled to depose Mr. Toni on June 12, 2025 and can seek testimony on that topic at that time.



Hon. Michael J. Roemer                                                    June 4, 2025
Page 4

of these individuals and yet did not raise their absence as custodians when she wrote the Court regarding the ESI Protocol in June 2024.  *See* Dkt. No. 64.

Moreover, Plaintiff has not shown that these six additional custodians are likely to have documents not already identified through the ESI Protocol.  Plaintiff did not report directly to any of these individuals, nor were these individuals the decisionmakers with respect to Plaintiff's request to rescind her resignation.[4]  Indeed, as explained in Defendants' Objections and Responses (Dkt. No. 77-1), Defendants have already produced a large number of documents responsive to the Supplemental Demands.[5] None of those documents reference or otherwise suggest that additional responsive documents exist in these six individuals' possession.

Additionally, the Supplemental Demands are neither "very specific, targeted requests" nor limited to a "narrow" two- to three-month period as Plaintiff claims.  *See* Dkt. No. 77, p. 2.  In fact, two out of the three Supplemental Demands seek documents for a burdensome, three-*year* period (i.e., January 2022 to the present).  *See* Exhibit A, p. 4.  So to conduct such searches, Defendants would need to undergo the burdensome (and costly[6]) endeavor of collecting years of these individuals' data and uploading said data to a document review platform.

Even once the data was on the document review platform, it would not be a simple task to "determine whether there are communications regarding" Plaintiff.  *See* Dkt. No. 77, p. 2.  Again, Plaintiff has not suggested any search terms to actually search for

---

[4] Defendants have already produced responsive documents from the relevant decisionmakers under the ESI Protocol.

[5] For example, although Plaintiff now seeks documents regarding to whom a memorandum by Mr. Neumeister regarding Plaintiff's resignation was circulated, Defendants already produced documents showing the entire list of recipients at Bates numbers RP00130354 - RP00130355.  This document was produced with a "CONFIDENTIAL" designation and, if the Court wishes, Defendants can produce it under seal pursuant to paragraph 21 of the Stipulated Confidentiality and HIPAA Qualified Protective Order (Dkt. No. 37).

[6] Defendants have borne the entire cost of data hosting and review to date.



Hon. Michael J. Roemer                                                    June 4, 2025
Page 5

documents responsive to the Supplemental Demands.[7]  Based on the ESI Protocol, Defendants would likely need to search multiple iterations of Plaintiff's name such as "Anne" and "Ann" for each of these six individuals, presenting a high possibility of pulling in many documents with absolutely no relevance to this case.  Effectively, then, Plaintiff is again asking Defendants to search multiple custodians for emails containing some version of Plaintiff's name over an extensive period.  *See* Dkt. No. 64.  This would be an unduly burdensome task for Defendants and is unlikely to even identify any documents other than administrative forwarding, so the Court should reject this effort once again.  *See* Dkt. No. 65.

In sum, Plaintiff seeks far more than "limited, targeted additional *search terms* upon a showing of good cause."  Dkt. No. 65 (emphasis added).  She has not shown that any of these proposed new custodians are likely to have unique, relevant documents necessitating such a burdensome undertaking considering the extensive ESI searches Defendants have already performed.  Therefore, Defendants respectfully request that the Court deny Plaintiff's request that Defendants search new custodians for additional documents, if any, responsive to Plaintiff's Supplemental Demands.

Respectfully,

Phillips Lytle LLP



By **/s/ Emma P. Murphy**

Emma P. Murphy

EPM

---

[7] Nor did Plaintiff offer any viable proposal for narrowing the Supplemental Demands during the parties' meet and confer, besides suggesting Defendants search for all emails forwarding a certain email. Defendants explained that they are unable to search for all forwards of a certain email, but they would review any additional suggestions to narrow the Supplemental Demands.  Plaintiff never provided such a proposal but instead filed its May 22, 2025 letter motion with the Court.



Hon. Michael J. Roemer                                              June 4, 2025
Page 6


cc:     All Counsel of Record (via ECF)

Doc #12706166