**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X

ANNE GRAND'MAISON, M.D.,                     :
                                             :
                    Plaintiff,               :        Civil Action No. 23 Civ. 00099
                                             :        (JLS) (MJR)
        v.                                   :
                                             :
ROSWELL PARK COMPREHENSIVE CANCER            :
CENTER; CANDACE JOHNSON, Ph.D., in her       :
individual and professional capacities; RENIER :
BRENTJENS, M.D., Ph.D., in his individual and :
professional capacities; CARL MORRISON, M.D., :
DVM, in his individual and professional capacities; :
JOHN KANE III, M.D., in his individual and   :
professional capacities; and ERROL DOUGLAS,  :
Ph.D., in his individual and professional capacities, :
                                             :
                    Defendants.              :
-------------------------------------------------------------- X

## PLAINTIFF ANNE GRAND'MAISON'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56(a)(1)

Pursuant to Local Civil Rule 56(a)(1) of the United States District Court for the Western District of New York, Plaintiff Anne Grand'Maison, M.D. ("Plaintiff" or "Dr. Grand'Maison") hereby submits the following statement of material facts as to which there is no genuine dispute to be tried:

1.      Defendant Candace Johnson, Ph.D., has been the CEO of Roswell Park Comprehensive Cancer Center ("Roswell") since 2015.  Ex. 5, Dep. of Candace Johnson, Ph.D., ("CEO Johnson Dep."), 17:12-19.

2.      Roswell is a public benefit corporation.  See N.Y. Pub. Auth. Law § 3550 *et seq.*[1] The hospital was founded in 1898.  https://www.roswellpark.org/about-us (last accessed

---

[1]      This document, Roswell's Corporation Statute, is attached hereto in Plaintiff's appendix as Exhibit 4.

1

2/24/2026).  It was made a public benefit corporation in 1999, and before that it was "located in the Department of Health."  CEO Johnson Dep., 37:22-38:11.

3.      One reason why the New York legislature made Roswell a public benefit corporation was the presence of multiple major competitors in the healthcare market in Western New York.  N.Y. Pub. Auth. Law § 3551(7) ("the penetration of managed care and the formation of at least three large health care delivery systems in Western New York pose new competitive challenges for Roswell Park Cancer Institute").

4.      Roswell was also made a public benefit corporation in order to provide it with "legal, financial, market and managerial flexibility."  Id.

5.      The New York State Department of Health lists 158 open hospitals in the state.  See https://www.health.ny.gov/regulations/hcra/provider/provhosp.htm (last accessed 2/17/2026).

6.      There are six National Cancer Institute Designated Cancer Centers in New York state.  See https://www.cancer.gov/research/infrastructure/cancer-centers/find.  Roswell is the only public benefit corporation among them.  Id.

7.      Roswell is empowered to "purchase, receive, take by grant, gift, devise, bequest or otherwise, lease, or otherwise acquire, own, hold, improve, employ, use and otherwise deal in and with, real or personal property, or any interest therein, wherever situated," to "purchase, take, receive, subscribe for, or otherwise acquire, own, hold, vote, employ, sell, lend, lease, exchange, transfer, or otherwise dispose of, mortgage, pledge, use and otherwise deal in and with, bonds and other obligations, shares, or other securities or interests issued by others, whether engaged in similar or different  business, governmental, or other activities," to "sell, convey, lease, exchange, transfer or otherwise dispose of, or mortgage or pledge, or create a security interest in, all or any of its property or any interest therein, wherever situated, upon such terms and conditions and in

such manner as the corporation shall determine," and to "make capital contributions to other not-for-profit corporations." N.Y. Pub. Auth. Law § 3554(3-4, 6-7).

8.    Roswell is empowered to set its own rates and fees, borrow money, issue bonds, and lend and invest money. N.Y. Pub. Auth. Law § 3554(10-14).

9.    Roswell is empowered to "appoint such officers, employees and agents as the corporation may require for the performance of its duties and . . . to fix and determine their qualifications, duties, and compensation," to "to retain or employ counsel, auditors, and engineers . . . and, private consultants on a contract basis or otherwise for rendering professional, management or technical services and advice," and to "make, adopt, amend, enforce and repeal rules for its governance and internal management and personnel practices." N.Y. Pub. Auth. Law § 3554(15-17).

10.    While Roswell's board of directors is appointed by the governor and other state officials, those individuals are not under significant state control. Rather, they "don't really answer to anyone." CEO Johnson Dep., 41:21. They are "autonomous" instead. Id., 41:25. The hospital's board does not consult the governor in its decision making nor does it require the governor's, or any other state officer's, approval to conduct its own management. Id., 42:3-21.

11.    Roswell is not "controlled by the state of New York," Id., 41:18-42:24.

12.    Roswell is not an arm of the state. Id., 38:12-24 ("we are not an arm of the state . . . We're a knowledge for the citizens of the residents of New York State. But we are not an arm of the state").

13.    Roswell is not a government. Id. at 36:23-37:8 ("Q. What is your understanding of the services that a government typically provides that Roswell handles? . . . A. I don't know. I don't – we're not a government").

3

14.     Roswell is empowered to "to do all things necessary, convenient or desirable, including ancillary and incidental activities, to carry out its purposes and for the exercise of the powers granted" to it as a public benefit corporation.  N.Y. Pub. Auth. Law § 3554(22).

15.     Roswell's Board has adopted a set of bylaws.  Ex. 6.  That set of bylaws is adopted by the hospital's Board.  Id. at RP446.  That document establishes the positions of most officers of Roswell, sets their responsibilities, creates Board committees, sets a Board code of ethics, and specifies additional administrative and fiscal functions.  See generally id.

16.     Roswell's corporation statute states that it is meant to be construed such that "the rights of employees are protected."  N.Y. Pub. Auth. Law § 3551(9).

17.     New York is not liable for payment of any Roswell bonds or notes or budget deficits.  N.Y. Pub. Auth. Law § 3562.

18.     New York State contributed just over $100 million to Roswell's annual budget of approximately $1.2 billion in 2024, which represented about 8% of the hospital's budget.  CEO Johnson Dep., 25:16-20, 38:13-22; see also Ex 7.  The state contributed an even smaller percentage of Roswell's budget in 2025, as its allocation remained almost the same but Roswell's budget grew.  See Ex. 7.  A portion of the state's funding is earmarked as capital funding.  CEO Johnson Dep., 31:13-34:3.

19.     Roswell is supported by the Roswell Park Alliance Foundation (the "Alliance Foundation"), which is a 501(c)(3) nonprofit organization.  See Ex. 8.  That organization raised approximately $29,500,000 for the Roswell in fiscal year 2024-25.  Id. at 34; see also CEO Johnson Dep., 29:6-24 (estimating that the Alliance Foundation raises "anywhere from 25 to $30 million a year).

4

20.     The Alliance Foundation is Roswell's "philanthropic arm" which raises funds "just for Roswell."  CEO Johnson Dep., 28:11-29:25.  "The whole premise of the Alliance Foundation is to raise money for research for Roswell Park."  CEO Johnson Dep., 29:18-20.

Dated: February 26, 2026
New York, New York                              Respectfully submitted,

                                                **WIGDOR LLP**

                                                By: _____
                                                     David E. Gottlieb
                                                     William Baker

                                                85 Fifth Avenue
                                                New York, NY 10003
                                                Telephone:  (212) 257-6800
                                                Facsimile:  (212) 257-6845
                                                dgottlieb@wigdorlaw.com
                                                wbaker@wigdorlaw.com

                                                *Counsel for Plaintiff*