UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

ANNE GRAND'MAISON, M.D.,

      Plaintiff,

   v.                                                                          23-CV-99 (JLS) (MJR)

ROSWELL PARK COMPREHENSIVE
CANCER CENTER; CANDACE
JOHNSON, Ph.D., *in her individual
and professional capacities*; RENIER
BRENTJENS, M.D., Ph.D., *in his
individual and professional capacities*;
CARL MORRISON, M.D., DVM, *in his
individual and professional capacities*;
JOHN KANE III, M.D., *in his
individual and professional capacities*;
and ERROL DOUGLAS, Ph.D., *in his
individual and professional capacities*,

      Defendants.

_____

## <u>DECISION AND ORDER</u>

Plaintiff Anne Grand'Maison, M.D., commenced this action on January 31, 2023, alleging a federal Equal Pay Act claim under 29 U.S.C. § 206(d), as well as several state and local law claims relating to her former employment as a Staff Physician at Roswell Park. *See* Dkt. 1. The case has been referred to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 12.

Two motions for summary judgment are pending. Defendants and Plaintiff both moved for summary judgment on February 26, 2026. Dkts. 100, 102. Plaintiff opposed Defendants' motion, and Defendants replied. Dkts. 113, 117. Defendants opposed

Plaintiff's motion, and Plaintiff replied. Dkts. 112, 114. On June 4, 2026, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court grant Defendants' motion for summary judgment as to Plaintiff's sole federal Equal Pay Act claim and decline supplemental jurisdiction as to Plaintiff's remaining state law claims. Dkt. 133 at 12–21. He also recommended that this Court deny Plaintiff's motion for summary judgment as moot. *Id.* at 21–22.

Plaintiff did not object to the R&R, but filed a letter on June 17, 2026, which requested that the Court "dismiss her Equal Pay Act claim with prejudice but dismiss her remaining state law claims without prejudice to Plaintiff's ability to refile or renew those claims in New York state court." Dkt. 134. She stated that "the Parties conferred *via* email and Defendants' position is that they respectfully request that the Court adopt Magistrate Judge Roemer's Report and Recommendation." *Id.*

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts Judge Roemer's recommendation.

Thus, for the reasons in the R&R, Defendants' motion for summary judgment (Dkt. 100) as to Plaintiff's Equal Pay Act claim is GRANTED, and this claim is dismissed with prejudice; the Court declines to exercise supplemental jurisdiction as to Plaintiff's remaining state law claims, and these claims are dismissed without prejudice to Plaintiff's ability to refile or renew those claims in New York state court. Plaintiff's motion for summary judgment (Dkt. 102) is DENIED as moot.  The Clerk of Court shall close this case.

SO ORDERED.

Dated:      June 22, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

3